## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | | |
|---|---|---|
| ROBERT OLSZEWSKI | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | **Docket No. CV-08-** |
| | ) | |
| MAYO REGIONAL HOSPITAL, | ) | |
| HOSPITAL ADMINISTRATIVE | ) | |
| DISTRICT 4, RALPH GABARRO | ) | |
| And D. SCOTT SIMPSON | ) | |
| | ) | |
| Defendants | ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES the Plaintiff in the above-entitled matter and states as follows:

### Nature of Action

On August 6, 2007, Robert Olszewski went to Mayo Regional Hospital twice within 17 hours, complaining of chest pain, headache and fever.  On the second visit, Mr. Olszewski -- who at this point was experiencing a heart attack -- was not given an appropriate medical screening to determine whether he was in an emergent condition (he was), was ignored by emergency room physician's assistant Scott Simpson (who incorrectly believed that Mr. Olszewski was simply a drug seeking individual), then attacked by Mr. Simpson as Mr. Olszewski tried to leave the hospital to seek appropriate medical care elsewhere in order to save his own life.  As a direct result of 1) not being provided an appropriate medical screening, 2) being attacked by Mr. Simpson, and 3) the delay, brought about by Defendants, in Mr. Olszewski receiving appropriate medical care (he was inpatient at St. Joseph Hospital for three days), Mr. Olszewski suffered significant physical, emotional, and economic harm.

## Parties

1.    Plaintiff Robert Olszewski is a resident of the town of Dover-Foxcroft, County of Piscataquis, State of Maine.

2.    Defendant Mayo Regional Hospital ("Hospital")  is a business organization with a principal place of business in the town of Dover-Foxcroft, County of Piscataquis, State of Maine.

3.    Defendant Ralph Gabarro is the Chief Operating Officer of the Mayo Regional Hospital.  On information and belief, Mr. Gabarro resides in the town of Dover-Foxcroft, County of Piscataquis, State of Maine.

4.    Defendant Hospital Administrative District 4 ("HAD4") is a conglomeration of 12 towns that have joined together to operate Mayo Regional Hospital.

5.    Defendant D. Scott Simpson ("Simpson") is an individual who resides, on information and belief, in the town of Dover-Foxcroft, County of Piscataquis, State of Maine.

## Subject Matter Jurisdiction

6.    This action arises under Federal Law, particularly 42 U.S.C. § 1395dd (the Emergency Medical Treatment and Active Labor Act, known as "EMTALA") and the Civil Rights Act, 42 U.S.C. § 1983.

7.    This Court has jurisdiction of this cause under and by virtue of 28 U.S.C. § 1343, 28 U.S.C. § 1331.

8.    This Honorable Court may exercise supplemental (formerly "pendent") jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367.

**Personal Jurisdiction**

9.     This Honorable Court wields jurisdiction over each of the Defendants named

herein pursuant to 14 M.R.S.A. §704-A in that each of the Defendants is

domiciled in the State of Maine.

**Venue**

10.     Venue is properly laid before this Honorable Court pursuant to 28 U.S.C. § 1391

and Rule 9(a) of the rules of the United States District Court for the District of

Maine in that all of the acts complained of occurred in Piscataquis County, State

of Maine.

**Facts Common to All Counts**

11.     On August 6, 2007 Mr. Olszewski arrived at Mayo Regional Hospital Emergency

Department at approximately 2:35 A.M.

12.     Mr. Olszewski's chief complaint upon presentation to the Hospital was "chest

pain."

13.     He also complained of fever and chills.

14.     Mr. Olszewski made an implicit and explicit request of the Hospital for

examination and treatment of a medical condition.

15.     A physician's assistant named Melanie Fox Dumont performed an examination of

Mr. Olszewski.

16.     On information and belief, Ms. Fox Dumont was not qualified to perform the

initial medical screening examinations required by EMTALA.

17.     On information and belief, Ms. Fox Dumont was not specifically approved by the governing body of the Hospital as a qualified medical person to perform the initial medical screening examinations required by EMTALA.

18.     On information and belief, Ms. Fox Dumont was not identified in the Hospital by-laws or in the rules and regulations governing the medical staff as a qualified medical person to perform the initial medical screening examinations required by EMTALA.

19.     Ms. Fox Dumont discharged Mr. Olszewski approximately two hours after he arrived at the Hospital.

20.     At the time of discharge, Ms. Fox Dumont indicated a diagnosis of pneumonia.

21.     The discharge note indicated that Mr. Olszewski should return to the Hospital "at any time for increased symptoms or problems."

22.     The examination performed by Ms. Fox Dumont was not an appropriate medical screening.

23.     Mr. Olszewski returned approximately 17 hours later to the Hospital's emergency department.

24.     At approximately 7:45 in the evening, Mr. Olszewski presented to the Hospital complaining of a severe headache, a fever and chest pain.

25.     Mr. Olszewski made an implicit and explicit request of the Hospital for examination and treatment of a medical condition.

26.     A physician's assistant named D. Scott Simpson signed the Emergency Room Report.

27.    No physician or physician's assistant, or nurse, or orderly performed an appropriate medical screening of Mr. Olszewski on his second visit to the Hospital on August 6, 2007.

28.    On information and belief, Mr. Simpson was not qualified to perform the initial medical screening examinations required by EMTALA.

29.    On information and belief, Mr. Simpson was not specifically approved by the governing body of the Hospital as a qualified medical person to perform the initial medical screening examinations required by EMTALA.

30.    On information and belief, Mr. Simpson was not identified in the Hospital by-laws or in the rules and regulations governing the medical staff as a qualified medical person to perform the initial medical screening examinations required by EMTALA.

31.    Mr. Olszewski was not given any medical examination from the time of his admission to the Hospital at approximately 7:45 P.M. until the time he left at approximately 8:40.

32.    Mr. Olszewski was experiencing excruciating pain from the time he entered the Hospital until the time he left on his second visit to the Hospital on August 6, 2007.

33.    Shortly after he arrived at the Hospital on this second admission on August 6, 2007, Mr. Olszewski requested pain medication to lessen the excruciating pain he suffered at the time.

34.     When Mr. Olszewski requested pain medication, he specifically indicated that he had already tried ibuprofen but that it had been ineffective and that he wanted a different pain medication.

35.     On information and belief, Mr. Simpson believed that Mr. Olszewski was merely a drug seeking individual with no significant medical issues.

36.     Mr. Simpson offered Mr. Olszewski ibuprofen as a pain medication.

37.     Mr. Olszewski declined this medication, telling Mr. Simpson that he had already explained that ibuprofen was not helpful.

38.     At that point, Mr. Simpson told Mr. Olszewski that if he did not want the medication offered (ibuprofen), then there was nothing more he could do for Mr. Olszewski, and he walked out of the room.

39.     Mr. Olszewski, accompanied by his mother, Florence Olszewski, got up and began to walk out of the Hospital, intending to seek appropriate medical care from another hospital in the area.

40.     As he walked out of the emergency department of the Hospital, Mr. Olszewski criticized Mr. Simpson and the Hospital for what he felt was inadequate and poor care.

41.     Mr. Simpson then rounded one of the counters, ran towards Mr. Olszewski and dove at his legs.

42.     Mr. Olszewski reacted by grabbing Mr. Simpson around his waist and lifting him off the ground.

43.     Mr. Olszewski's actions were taken in self-defense.

44.     Mr. Olszewski was then beset by other hospital personnel who demanded that he let go of Mr. Simpson.

45.     Mr. Olszewski slowly set Mr. Simpson down so that he would not fall on his head.

46.     Mr. Olszewski then attempted to leave the Hospital again, and was briefly detained by the police.

47.     Mr. Olszewski finally made his way to St. Joseph's Hospital in Bangor, where he was admitted for three days.

48.     Mr. Olszewski was determined to have suffered a mild heart attack.

49.     The Hospital and Mr. Simpson, thereafter, made false claims regarding this incident to the police.

50.     Those false claims resulted in Mr. Olszewski being charged with a crime and brought before a grand jury.

51.     The grand jury unanimously refused to indict Mr. Olszewski.

52.     Mr. Olszewski paid a criminal defense attorney $10,000 to defend him against the false allegations made by the Hospital and Mr. Simpson.

53.     Mr. Olszewski has suffered physical, emotional and economic harm as a result of the conduct of Defendants.

54.     Mr. Olszewski caused a Notice of Claim to be filed against all Defendants on or about January 22, 2007.

55.     Mr. Olszewski hereby demands a trial by jury.

### Count I:  Violation of EMTALA v. Mayo Regional Hospital and Hospital Administrative District 4.

56.     Plaintiff repeats and realleges the allegations contained in the previous paragraphs.

57.     On August 6, 2007, the Hospital had an emergency department.

58.     On August 6, 2007, Mr. Olszewski came to the emergency department at the Hospital and made a request for examination or treatment for a medical condition.

59.     On August 6, 2007, the Hospital did not provide Mr. Olszewski an appropriate medical screening within the capability of the Hospital's emergency department to determine whether or not an emergency medical condition existed.

60.     On August 6, 2007, when Mr. Olszewski presented to the Hospital, he was experiencing an emergency medical condition.

61.     The Hospital's failure and/or refusal to provide an appropriate medical screening to Mr. Olszewski proximately caused Mr. Olszewski to suffer personal harm.

62.     The Hospital's failure and/or refusal to provide Mr. Olszewski and appropriate medical screening was malicious or impliedly malicious conduct.

        WHEREFORE, Mr. Olszewski respectfully requests that this Court grant judgment to the Plaintiff and award damages in an amount sufficiently large to (1) compensate Mr. Olszewski for all the harm he has suffered on account of the Hospital's violation of EMTALA, and (2) punish the Hospital for its malicious or impliedly malicious conduct and to deter the Hospital and others similarly situated from behaving in this same fashion, and (3) award any other and further relief deemed just and appropriate, including but not limited to an award of attorney fees, costs and interest.

## Count II: 42 U.S.C. §1983 Violation v. Defendant Simpson

63.    Plaintiff repeats and realleges the allegations contained in the previous
       paragraphs.

64.    The Hospital is owned and/or run by a conglomeration of towns known as
       Hospital Administrative District 4.

65.    Employees of the Hospital act under color of state law.

66.    Defendant Simpson under color of state law, subjected Olszewski to a
       deprivation of his constitutional and statutory rights, specifically his clearly
       established rights (1) to bodily integrity and (2) to be free of the use of
       unreasonable force, and (3) to an appropriate medical screening to determine
       whether he was experiencing an emergent medical condition.

67.    Defendant Simpson's actions displayed a reckless or callous disregard of, or
       indifference to, the rights of Mr. Olszewski.

       WHEREFORE, Plaintiff Mr. Olszewski requests that this Honorable Court (1)
enter judgment for Plaintiff in an amount that fully and completely compensates him for
the injuries he has sustained, (2) award Mr. Olszewski punitive damages, attorney's fees
and costs pursuant to 42 U.S.C. § 1983, and (3) award such other and further relief as this
Honorable Court deems just and proper.

## Count III: 42 U.S.C. §1983 Supervisory Violation v. Defendant Gabarro

68.    Plaintiff repeats and realleges the allegations contained in the previous
       paragraphs.

69.    Upon information and belief, as of August 6, 2007, Defendant Simpson had been
       involved in numerous situations that had led to complaints being lodged about (1)

his use of force against patients, (2) his proclivity to presume that patients are drug seeking rather than legitimately requesting medical assistance, and (3) his refusal to provide appropriate medical care to patients of the Hospital.

70. Upon information and belief, as of August 6, 2007, Defendant Simpson had been disciplined or should have been disciplined numerous times for his use of force and/or inappropriate conduct.

71. Upon information and belief, Defendant CEO Gabarro knew or should have known that Defendant Simpson had a reputation for violent and/or inappropriate conduct.

72. Upon information and belief, Defendant Gabarro did not take reasonable steps to supervise or discipline Defendant Simpson or to minimize the risk of harm that Defendant Simpson presented to the public.

73. Upon information and belief, any reasonably well-trained supervisor would have recognized that Defendant Simpson, if not properly disciplined and supervised, would cause harm to the public.

74. Defendant Gabarro's conduct or inaction in supervising and/or disciplining the Defendant Simpson amounts to either deliberate, reckless or callous indifference to the constitutional and statutory rights of others, including  Mr. Olszewski.

75. An affirmative link exists between the street level constitutional and statutory violations perpetrated by Defendant Simpson and Defendant Gabarro's failure to properly supervise and/or discipline Defendant Simpson.

76. Defendant Gabarro's actions displayed a reckless or callous disregard of, or indifference to, the rights of  Mr. Olszewski.

WHEREFORE, Plaintiff Mr. Olszewski requests that this Honorable Court (1) enter judgment for Plaintiff in an amount that fully and completely compensates him for the injuries he has sustained, (2) award Mr. Olszewski punitive damages, attorney's fees and costs, and (3) award such other and further relief as this Honorable Court deems just and proper.

## Count IV: 42 U.S.C. §1983 Municipal Violation v. HAD4

77.    Plaintiff repeats and realleges the allegations contained in the previous paragraphs.

78.    The customs or policies of the Hospital/HAD4 comprise the cause of and the moving force behind the constitutional and statutory violations chronicled in this Complaint.

79.    At all relevant times Defendant Gabarro was the CEO for the Hospital.

80.    At all relevant times Defendant Gabarro was a policymaker within the Hospital/HAD4 hierarchy.

81.    At all relevant times, Defendant Gabarro as a policymaker for the Hospital/HAD4, adopted a custom or policy of abdicating any appropriate level of supervision and/or discipline of Defendant Simpson.

82.    Defendant Hospital/HAD4's actions displayed a reckless or callous disregard of, or indifference to, the rights of  Mr. Olszewski.

WHEREFORE, Plaintiff Mr. Olszewski requests that this Honorable Court (1) enter judgment for Plaintiff in an amount that fully and completely compensates him for the injuries he has sustained, (2) award Mr. Olszewski attorney's fees and costs, and (3) award such other and further relief as this Honorable Court deems just and proper.

### Count V: Assault v. Defendants Simpson, Hospital and HAD4

83. Plaintiff repeats and realleges the allegations contained in the previous paragraphs.

84. The actions taken by Defendant Simpson on August 6, 2007 comprise an unjustified assault against Mr. Olszewski.

85. The assaultive behavior was taken in bad faith.

86. The assaultive behavior was malicious or impliedly malicious.

87. At all times on August 6, 2007, Mr. Simpson was an employee of the Hospital.

88. At all times on August 6, 2007, Mr. Simpson was acting within the scope of his employment at the Hospital as an emergency department physician's assistant.

WHEREFORE, Plaintiff Mr. Olszewski requests that this Honorable Court (1) enter judgment for Plaintiff in an amount that fully and completely compensates him for the injuries he has sustained, (2) award Mr. Olszewski punitive damages, attorney's fees and costs, and (3) award such other and further relief as this Honorable Court deems just and proper.

### Count VI: Malicious Prosecution (Wrongful Use of Criminal Proceedings) vs. Defendants Simpson, Hospital and HAD4

89. Plaintiff repeats and realleges the allegations contained in the previous paragraphs.

90. Defendant Simpson and others at the Hospital misrepresented to the police and to others, what took place on Mr. Olszewski's second visit to the Hospital on August 6, 2007.

91. Specifically, Defendant Simpson and others at the Hospital represented to the police and to others that Mr. Olszewski attacked Mr. Simpson on August 6, 2007.

92.     The Hospital adopted, ratified and placed its *imprimatur* on the veracity of Defendant Simpson and others' representations that Mr. Olszewski attacked Mr. Simpson.

93.     These representations were false.

94.     Mr. Simpson attacked Mr. Olszewski on August 6, 2007.

95.     Defendant Simpson and Defendant Hospital and HAD4 knew that the statements claiming Mr. Olszewski attacked Mr. Simpson were false.

96.     Defendants initiated or continued criminal proceedings against Mr. Olszewski, based on these false statements.

97.     The criminal proceedings were terminated in favor of Mr. Olszewski.

98.     Defendants did not have probable cause for initiating or continuing the proceedings.

99.     The primary purpose for which the proceedings were initiated or continued was not to bring an offender to justice.

100.    Mr. Olszewski suffered harm as a result of this malicious prosecution, including but not limited to attorney fees, loss of reputation, and emotional distress.

WHEREFORE, Plaintiff Mr. Olszewski requests that this Honorable Court (1) enter judgment for Plaintiff in an amount that fully and completely compensates him for the injuries he has sustained, (2) award Mr. Olszewski punitive damages, attorney's fees and costs, and (3) award such other and further relief as this Honorable Court deems just and proper.

## Count VII: Intentional Infliction of Emotional Distress v. Defendants Simpson, Hospital and HAD4

101.    Plaintiff repeats and realleges the allegations contained in the previous paragraphs.

102.    Defendants' conduct on August 6, 2007 and shortly thereafter toward Mr. Olszewski – in attacking Mr. Olszewski without provocation and in misrepresenting the nature of the physical confrontation to the police and others so that Mr. Olszewski was improperly charged with a crime -- was extreme and outrageous.

103.    On August 6, 2007 and shortly thereafter, Defendants intentionally or recklessly caused severe emotional distress to Mr. Olszewski by means of extreme and outrageous conduct.

104.    Defendants' extreme and outrageous conduct caused Mr. Olszewski to suffer severe emotional distress, and bodily harm.

WHEREFORE, Plaintiff Mr. Olszewski requests that this Honorable Court (1) enter judgment for Plaintiff in an amount that fully and completely compensates her for the injuries she has sustained, (2) award Mr. Olszewski punitive damages, attorney's fees and costs, and (3) award such other and further relief as this Honorable Court deems just and proper.

## Count VIII: Negligent Infliction of Emotional Distress v. Defendants Simpson, Hospital and HAD4

105.    Plaintiff repeats and realleges the allegations contained in the previous paragraphs.

106.   Defendants' conduct on August 6, 2007 and shortly thereafter toward Mr. Olszewski – in attacking Mr. Olszewski without provocation and in misrepresenting the nature of the physical confrontation to the police and others so that Mr. Olszewski was improperly charged with a crime -- was extreme and outrageous.

107.   On August 6, 2007 and shortly thereafter, Defendants negligently caused severe emotional distress to Mr. Olszewski by means of extreme and outrageous conduct.

108.   Defendants' extreme and outrageous conduct caused Mr. Olszewski to suffer severe emotional distress, and bodily harm.

WHEREFORE, Plaintiff requests that this Honorable Court (1) enter judgment for Plaintiff in an amount that fully and completely compensates her for the injuries she has sustained, (2) award Mr. Olszewski punitive damages, attorney's fees and costs, and (3) award such other and further relief as this Honorable Court deems just and proper.

### Count IX: Breach of Fiduciary Duty v. Defendants Simpson, Hospital and HAD4

109.   Plaintiff repeats and realleges the allegations contained in the previous paragraphs.

110.   Mr. Olszewski placed a great deal of trust in Defendants to take care of him regarding a very important matter in his life – his medical well-being.

111.   The relationship between Defendants and Mr. Olszewski was that of medical provider to patient.

112.   Defendant Hospital held itself out as having expertise in medical care, including emergent care.

113.    At all relevant times there existed a great disparity of position and influence between Defendants and Mr. Olszewski.

114.    Defendants' conduct with regard to their patient Mr. Olszewski comprises a breach of their fiduciary duties owed to Mr. Olszewski.

115.    These breaches of fiduciary duty have caused Mr. Olszewski to suffer economic and non-economic loss.

WHEREFORE, Plaintiff respectfully urge this Court to (1) enter judgment for Plaintiff, (2) award Plaintiff damages in an amount sufficiently large to fully compensate them for all the harm occasioned by Defendant's breach of fiduciary duties, and (3) award any other and further relief deemed just and proper.

## Count X: Negligent Supervision v. Defendants Hospital and HAD4

116.    Plaintiff repeats and realleges the allegations contained in the previous paragraphs.

117.    Defendants owed fiduciary duties to Mr. Olszewski to properly care for him medically.

118.    Plaintiff and Defendants had a special relationship that gave rise to a duty to properly supervise Mr. Simpson to prevent harm to Plaintiff.

119.    Defendants breached their duties to Mr. Olszewski by negligently failing to supervise Mr. Simpson properly as an emergency room physician's assistant.

120.    Defendants' negligent failure to supervise Mr. Simpson proximately caused harm to Mr. Olszewski.

WHEREFORE, Plaintiff respectfully urge this Court to (1) enter judgment for Plaintiff, (2) award Plaintiff damages in an amount sufficiently large to fully compensate

them for all the harm occasioned by Defendant's negligent failure to supervise Mr.

Simpson, and (3) award any other and further relief deemed just and proper.

Dated: 8/11/2008                                    /s/ Michael J. Waxman
                                                    Michael J. Waxman, Esq.
                                                    Maine Bar No. 7389
                                                    Attorney for Plaintiff
                                                    Robert Olszewski